**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JAMES C. THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-CV-534-JHP-TLW** |
| | ) | |
| **U.S. DEPARTMENT OF** | ) | |
| **AGRICULTURE and** | ) | |
| **NATIONAL ARCHIVES AND** | ) | |
| **RECORDS SERVICE,** | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff James C. Thomas's Motion For Attorney Fees and Costs  [Doc. No. 23], Defendants' Response in Opposition To Plaintiff's Motion [Doc. No. 24], Plaintiff's Reply To Defendant's Response [Doc. No. 28] and Defendants' Limited Surreply to Plaintiff's Motion [Doc. No. 32].  For the reasons stated herein, Plaintiff's Motion For Attorney Fees and Costs is DENIED.

## <u>Background</u>[1]

James C. Thomas, a law professor at the University Of Tulsa, sent a request pursuant to the Freedom Of Information Act (hereinafter "FOIA") dated February 1, 2008, to the United States Department Of Agriculture requesting specific documents related to PL 480 grain fraud practices

---

[1]As an initial matter the Court notes that the Plaintiff's Motion For Attorney Fees fails to comply with LCvR54.2 which states that a party seeking to recover attorney fees shall file a motion for recovery of legal fees and support the same with a brief and affidavit.  "The brief should recite the statutory, contractual, and/or legal authority for the request and, in an affidavit, the amount of time spent on the case, the hourly fee claimed by the attorney, the hourly fee usually charged by the attorney if this differs from the amount claimed in the case, and any other pertinent factors."  Plaintiff's Application For Attorney Fees And Costs [Doc. 23] consists of a one page prayer for relief supported by time records and an affidavit which also fails to meet the requirements set forth in the local rule.

of the 1970's.[2]

In response to his request, an archives specialist at the Department Of Agriculture sent Thomas an e-mail acknowledging receipt of his request and stating the request had been forwarded to the appropriate office for review and consideration. On June 25, 2008, a letter was sent to Thomas by Tab Lewis, an archivist at the National Archives and Records Department (hereinafter "NADA") stating he found a file entitled "investigations" in a category which appeared to relate to the FOIA request. The majority of the records relating to Thomas's request filled 22 boxes. Lewis's letter advised Thomas the NADA office was not adequately staffed to perform substantive research on his behalf in order to identify the content of each of the documents in these boxes; however, they would provide an estimate of what it would cost to copy all of the documents in the boxes, or would make the documents available if Thomas or his representative would like to visit the Textual Research Room at the NADA to review the documents. To conclude the letter, Mr. Lewis advised:

> Our inability to do substantive research for you does not constitute a denial for purposes of the FOIA. If you consider this an adverse response you may appeal by writing within 35 days of receipt of this letter to the Deputy Archivist of the United States (ND), National Archives at College Park, 8601 Adelphi Roach, College Park, MD 20740-6001, and explain why you think our search does not meet the requirements of the FOIA. . . .
> [Doc. No. 24-8]

Thomas placed an order to have some of the documents copied, however, he believed the

---

[2]Specifically he requested the following documents: (A) Copies of all documents, memoranda, letters, reports and other communications on the subject touching directly or indirectly the quantification of the monetary value of the 1970's PL 480 grain fraud practices; (B) Copies of all documents, memoranda, letters, reports, and other communications on any subject touching directly or indirectly on the settlements of the PL 480 grain fraud civil claims against the private exporters; (C) Copies of all documents, memoranda, letters, reports, and other communications received from or sent to the White House during the administration of President Ford on the subject of touching directly or indirectly on the matter of the settlements of the PL 480 grain fraud civil claims against the private exporters; and, (D) Copies of all documents, memoranda, letters, reports, and other communications that explain or shed light on whey Cargill Incorporated escaped indictment and civil charges, in view of the fact that the FBI investigations reports reveal Cargill's equal capability. [Doc. No. 24-6]

documents he obtained did not go very far toward satisfying his original request.  He then filed this lawsuit on September 15, 2008, seeking injunctive relief requiring the Defendant agencies to produce the requested documents.

The parties reached a settlement and filed a Stipulation Of Dismissal on May 19, 2009. Subsequently, on June 19, 2009, the Plaintiff filed a Motion For Attorney fees seeking reimbursement for the attorney fees he expended in prosecuting this action.  For the following reasons, Plaintiff's  Motion is DENIED.

## Discussion

The "Openness Promotes Effectiveness in our National Government Act" commonly referred to as the OPEN Government Act of 2007 amended the FOIA and allows a Court to assess reasonable attorney fees and other litigation costs against the United States in any case where a complainant has substantially prevailed in a lawsuit under that section.  5 U.S.C.A. §552.  The Defendants argue the enactment of the 2007 OPEN Government Act served to codify the so-called "catalyst theory" which states a Plaintiff must be found to be both eligible to receive an award of fees and entitled to that award.  *See Gowan v. United States Dept. of the Air Force*, 148 F.3d 1182 (10th Cir. 1998)  The Plaintiff, on the other hand, argues enactment of the 2007 OPEN Government Act had the opposite effect, doing away with the catalyst theory and instituting a wholly separate analysis.

Prior to the 2007 OPEN Government Act, the United States Supreme Court issued an opinion in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), explicitly rejecting the catalyst theory in the context of a request for attorney's fees against the United States under analogous fee-shifting provisions in the Fair Housing Amendments Act of 1998, 42 U.S.C. §§ 3610-3614a (2000),

and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-02, 12111-17, 12131-34, 12141-50, 12161-65, 12181-89, 47 U.S.C. §§ 225, 12201-13 (2000).  The Court reasoned that, in order to qualify as a "prevailing party," the plaintiff must have secured either a judgment on the merits of its claim or have received a court-ordered consent decree. *Id*. at 603-04, 121 S.Ct. 1835. Several Courts have applied the Court's holding in *Buckhannon* to attorney fee cases under the FOIA. See *Oil, Chemical & Atomic Workers International Union v. Department of Energy*, 288 F.3d 452, 454 (D.C.Cir.2002); *Piper v. U.S. Dep't of Justice*, 339 F.Supp.2d 13, 17 (D.D.C.2004). Enactment of the 2007 OPEN Government Act serves to remove the FOIA from the holding in *Buckhannon* by allowing recovery of attorney fees even if the Plaintiff did not obtain a court ordered decree or a judgment on the merits.

The legislative history of the 2007 OPEN Government Act makes clear Congress's intent to remove the attorney fee provisions of the FOIA from the holding in *Buckhannon* but also the intent to reinstate the catalyst theory. See S.Rep. No. 110-59, at 6 (2007).  In interpreting the 2007 OPEN Government Act, Courts have held that the second element of the attorney fee provision "definitively established that the catalyst theory applies to the recovery of attorney's fees under FOIA" *Zarcon, Inc., v. N.L.R.B.*, 578 F.3d 892, 894 (8th Cir. 2009); see also, *Sliney v. Federal Bureau of Prisons,* 2009 WL 1703234, *3 (D.D.C. June 18, 2009) citing *N.Y.C. Apparel F.Z.E. v. United States Customs and Border Protection Bureau*, 563 F.Supp.2d 217, 221 (D.D.C.2008); *Wildlands CPR v. United States Forest Serv.*, 558 F.Supp.2d 1096, 1098 (D.Mont.2008)("The catalyst theory assumes that a voluntary or unilateral change in an agency's position is induced by the complainant's lawsuit.")

Using this analysis to assess the Plaintiff's request for attorney fees under the FOIA, the Court must first determine if the Plaintiff is **eligible** for an attorney fee award.  To show eligibility

4

a Plaintiff must show that he or she has "substantially prevailed" on his claim. *Gowan*, 148 F.3d at 1195. For purposes of the OPEN Government Act a Plaintiff has substantially prevailed if he has obtained relief through either of the following: "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C.A. §552 (E)(ii).

The Plaintiff initially argues that he has substantially prevailed because he obtained a written agreement by way of the settlement agreement entered into between the parties. The Defendants, however, argue that although a written agreement exists between the parties, this is not the type of agreement anticipated by the FOIA in that the statute requires the complainant "obtain relief through" the written agreement. 5 U.S.C.A. §552. The Defendants argue that the Plaintiff did not obtain the type of relief contemplated by the statute because in order to obtain relief under the FOIA in the district courts, a Plaintiff must establish federal jurisdiction which "is dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records."' *Kissinger v. Reporters Comm. For Freedom Of The Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). The Defendants contend that since the documents recovered by the Plaintiffs in this litigation were offered to be provided prior to the commencement of this action, the Plaintiff cannot show that any agency records were improperly withheld and therefore, Plaintiff did not obtain relief under the FOIA through the written agreement. This Court agrees.

Prior to the commencement of the litigation, the Defendants, offered to provide the Plaintiff access to review and copy all of the agency documents he eventually obtained except for one document which the agency withheld under an exemption to the FOIA. The Plaintiff refused to review the documents offered by the Defendants and was unsatisfied with the response that the Defendants did not have the resources to perform substantive research for him. As such, he filed

this lawsuit.

This Court further finds the Plaintiff's lawsuit did not **cause** any change in position by the Defendants, therefore, the Plaintiff is not eligible for an attorney fee award in this case. The parties have only identifies two substantial changes made by the Defendants which occurred after the litigation was commenced which resulted in a settlement of this lawsuit.  First, the Defendants agreed to create a more detailed index of the documents which they had already agreed to produce in an effort to help the Defendant reduce copying costs.  This, however, did not provide the Plaintiff any additional agency documents previously withheld under the terms of the FOIA.  *See Kissinger*, 445 U.S. at 150 (Judicial authority to devise remedies can be invoked only once it is shown that an agency has "(1) improperly; (2) withheld; (3) agency records.")

Second, the Defendants produced one document which wasn't identified until after the litigation was commenced, and then withheld as protected under an exemption to the FOIA.  5 U.S.C.A. 552(b)(5). The Defendants eventually agreed to produce the document based on their review of the document and determination that based on the age of the document, its lack of finality, and insignificance to any current operating program, that release of the document would not cause any harm. [see Affidavit of Sally Klusaritz, Doc. No. 24-2] Neither of these "changes in position" by the Defendants can be argued to have been a production of documents, previously improperly withheld pursuant to the terms of FOIA, that were produced as a result of the Plaintiff's litigation.

The Plaintiff further failed to exhaust his administrative remedies prior to filing suit.  The decision to award attorney fees under the FOIA is discretionary and not mandatory.  *Anderson v. Secretary of Health and Human Services*, 80 F.3d 1500, 1503 (10th Cir. 1996).  The Court of Appeals for the District of Columbia stated in *Cox v. U.S. Dept. Of Justice*, 601 F.2d 1, 7 (C.A.D.C. 1979) *overruled on other grounds*:

> But Congress did not mandate awards for every successful litigant; it left the matter to the discretion of the courts. A decision to grant or to deny fees in a particular case is an implicit decision, respectively, to encourage or to discourage that type of Freedom of Information Act claim.

By failing to exhaust his administrative remedies, the Plaintiff deprived the agency of the chance to potentially correct any mistakes or resolve this matter without the costs of litigation. By granting attorney fees, this Court would be rewarding the Plaintiff's failure to comply with the required, statutory scheme set forth in the FOIA. *See e.g. Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1476 (D.C.Cir.1986). ("It goes without saying that exhaustion of remedies is required in FOIA cases."); *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir .1979)(same).

The Plaintiff also cannot show that he is **entitled** to an award of attorney fees. *Gowan*, 148 F.3d at 1195. To establish entitlement to an attorney fee award the court must evaluate four factors: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in the law." *Id.* The only information we have regarding the Plaintiff's purpose in obtaining the documents comes from his letters to the Defendants in seeking these documents and from the Complaint filed in this litigation. From those documents the Court is able to determine that the Plaintiff, a professor at the University of Tulsa, was conducting research into a wheat scandal occurring during the Nixon Administration. There is no evidence presented that suggests the Plaintiff's retention of the documents at issue provided a benefit to the public or a commercial benefit to the Plaintiff. Further, there is no evidence to suggest to that the Defendants improperly **withheld** any documents. As such, the

Plaintiff has failed to show he is entitled to an award of attorney fees.[3]

**<u>Conclusion</u>**

For the foregoing reasons, the Court finds that Plaintiff's Motion For Attorney Fees and Costs is therefore DENIED.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[3]The Defendants also contend the Plaintiff has waived his claim to recover attorney fees by stating in the Stipulation of Dismissal that both sides would be responsible for their own costs and expenses.  Since the court finds the Plaintiff is not entitled to an award of attorney fees on other grounds, it is unnecessary to determine the merits of this argument.